YELVERTON, Judge.
Because of certain procedural misadventures that happened in this protracted lawsuit, one of the parties was denied his day-in court. Finding that this result was caused by trial court error, we reverse and remand.
On March 29, 1983, the plaintiff, Melba Casey Bushnell, testamentary executrix of the succession of Rodric D. Bushnell, brought suit on a promissory note against three defendants: Clifford Eldridge, R.D. Bushnell, Jr. and the appellant in the case before us, Glenn W. Reynolds. Reynolds filed an answer and a reconventional demand against plaintiff, and a cross-claim against Clifford Eldridge (mislabeled as a third party demand) on September 26, 1983. In response to the reconventional demand against the Succession, the executrix filed a dilatory exception of vagueness and non-joinder of necessary parties.
The case was set for trial and at the beginning of trial on January 31, 1984, the Succession’s attorney made the following comments:
Judge, I would just like to point out to the Court that as the principal demand of that is ready. It’s been answered by all parties, — it’s been answered by all parties and it’s ready for hearing. Now Mr. Reynolds has filed something that’s labeled a third party demand and, of course, we had a pre-trial conference and he indicated that he intended it to be something else, and it hasn’t been amended, so I filed Exceptions. And that incidential action cannot be heard this morning because the issue is not joined. But, of course, under the Code of Civil Procedure, an incidential action cannot delay the progress of principal demand, the trial or what have you. And it’s been set for a long time, and we need to proceed.
In open court Reynolds filed an amending and supplemental answer, sometime during the day of trial (whether before the trial of the main demand we do not know). The purpose of this answer was to declare that Reynolds was only seeking an offset against the Succession should a money judgment be rendered against him. The trial court entered judgment for the Succession against all three defendants, without ruling on the offset. At the conclusion of the trial, the court made the following comments:
BY THE COURT: Now just to clarify everything. This was, of course, with the respect to the incidental demands only, and the Court understands that there are some filings having to do — I’m sorry. This is respect to the main initial demands, the main demands only. The Court is fully aware of the fact that there are some pleadings thrust at— which incorporate other matters, incidental demands, third-party demands, and so forth for and among and between other parties. And that those matters were not taken up and were not heard at this time, and all rights of all parties are reserved with respect to those pleadings. Is that understood?
In its written judgment likewise, the court ruled that “the rights of all parties to incidental demands in this proceeding are reserved”.
On October 9, 1987, the Succession filed the peremptory exception of res judicata and a motion to dismiss Reynolds’ recon-ventional demand. The hearing on the motion to dismiss was set for November 9, 1987, at which time Reynolds filed a second amending answer. In his second amended answer, Reynolds sought to reassert the demand for the unpaid attorney fees he pleaded for in his original reconventional demand and strike any language claiming an offset. His pleadings maintained that a compromise had been reached years earlier in pretrial conferences by which the Succession would make payments to Reynolds on a specified timetable: $15,000 to be paid immediately and the balance of $35,000 to be paid on or before October 15, 1983. Reynolds’ pleadings further declared that *1013 no payments were ever made, and that was why he was reasserting his original demands for a money judgment.
The trial court allowed the filing of this amended answer and reeonventional demand in open court. Accordingly, a recon-ventional demand for a money judgment was before the court at the hearing. Nevertheless, the court granted plaintiffs motion to dismiss, for the stated reason “that all rights, claims and causes of action [had] been previously determined and disposed of between these parties by judgment rendered by this Court in this proceeding on January 31, 1984”. The arguments and oral reasons for judgment from the November 9, 1987, hearing do not appear in the record.
On this appeal the Succession, seeking an affirmation, argues that Reynolds’ recon-ventional demand was converted to an affirmative defense when in 1984 he filed his first amended petition because he sought only an offset. Therefore, according to the Succession, when the trial court ruled in plaintiffs favor without mention of Reynolds’ claim for offset, he was denying the offset. We disagree.
We cannot determine from the record whether Reynolds filed his first amended answer asserting an affirmative defense prior to trial, on January 31, 1984, making an affirmative defense before the court, or after the trial on the merits, leaving an incidental demand before the court at the trial. Regardless of when it was filed, it is apparent that the trial court and the parties believed that an incidental demand was before the court, as attested by the above comments which we have quoted from the record of that trial. Additionally, whether Reynolds’ claim is viewed as an affirmative defense or an incidental demand, Reynolds was denied his day in court. If the demand was an incidental demand, the trial judge ruled in his original judgment that all rights and claims to any incidental demand were reserved, in effect ordering separate trials of the principal demand and the incidental demand under La.C.C.P. art. 1038. It was thus error for the trial court to dismiss Reynolds’ demand on November 9, 1987, erroneously stating that all rights, claims, and causes of action were previously determined and disposed of in the court’s original judgment. If Reynolds’ demand was amended to an affirmative defense, the trial court denied Reynolds the opportunity to present evidence in support of his defense.
For the foregoing reasons we find the trial court erred in granting the Succession’s motion to dismiss Reynolds’ recon-ventional demand and remand to the trial court for further proceedings.
REVERSED AND REMANDED.